JAMES E. HARPER
Nevada Bar No. 9822
TAYLOR G. SELIM
Nevada Bar No.  12091
**HARPER LAW GROUP**
1707 Village Center Circle, Suite 140
Las Vegas, Nevada 89134
Ph.:     (702) 948-9240
Fax:    (702) 778-6600
E-Mail:           eservice@harperlawlv.com
*Attorneys for Defendant*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| GABRIEL GARCIA,<br><br>               Plaintiff,<br><br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; DOES I through V, inclusive; and ROE CORPORATIONS I through V, inclusive,<br><br>               Defendants. | CASE NO.:     2:16-cv-00028-JAD-CWH<br><br>**STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION** |

Pursuant to Fed. R. Civ. P. 26(c)(7), the parties hereby submit this proposed Stipulated Protective Order for the purpose of ensuring that matters raised by this proceeding are open to the public and, at the same time, ensuring that confidential information submitted by the parties or any third parties in connection with this proceeding, whether pursuant to compulsory process or voluntarily, is not improperly disclosed.  Accordingly, the parties, by their undersigned counsel, hereby stipulate, subject to approval and entry by the Court, as follows:

**Definitions and Terms**

1.         As used in this Order, the following definitions and terms shall apply:

1

"Confidential Information" means any Discovery Material that the producing party or protected person reasonably believes not to be in the public domain and reasonably believes contains any private health information, employment records, trade secret or other confidential, strategic, research, development, or commercial information, as such terms are used in Fed. R. Civ. P. 26(c)(7), that, if disclosed, would materially affect the party's or protected person's business, commercial or financial interests.

    a.    "Defendant" means State Mutual Automobile Insurance Company, including.

    b.    "Disclosed" is used in its broadest sense and includes, inter alia, directly or indirectly shown, divulged, revealed, produced, described, transmitted or otherwise communicated, in whole or in part.

    c.    "Discovery" is defined as the term is used in the Federal Rules of Civil Procedure.

    d.    "Discovery Material" means any documents, answers to interrogatories, responses to requests for admission, deposition testimony, deposition transcripts and exhibits, other responses to requests for information and/or other written information, whether produced voluntarily or involuntarily, or in response to discovery requests in this litigation by any party or protected person.

    e.    "Document" is defined as the term is used in Rule 34(a) of the Federal Rules of Civil Procedure.

    f.    "Counsel" means the counsel of record in this action and their law firms as well as (I) other attorneys or consultants employed or retained by such law firms.

    g.    "Party" or "parties" means the Plaintiff and/or the Defendant in this action.

    h.    "Plaintiff" means Jill Cook, and any person acting on her behalf, including attorneys and consultants.

    i.    "Protected person" means any non-party that furnishes any Discovery Material to any party.

j.       "This action" means the above-captioned civil action pending in this Court, including any related discovery, pretrial, trial, post-trial, or appellate proceedings.

**Types of Material That May Be Designated Confidential**

2.       Any Discovery Material may be designated by a producing party or protected person as "Confidential" under this Order.  Such designation shall constitute a representation to the Court that counsel for the producing party or protected person believes in good faith that the material so designated constitutes Confidential Information as defined in this Order.

**Designation of Discovery Material as Confidential**

3.       Discovery Material produced by the parties after entry of this Order may be designated as Confidential by (i) providing copies of the Discovery Material that are stamped with the legend "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" or (ii) stamping Discovery Material currently in the possession of the Defendant and protected persons with the legend "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER."  If the entire document is not confidential, the party or protected person shall specifically identify the portions of the documents that contain the Confidential Information.  Any confidential legend shall be affixed to each page of the document containing such material and shall not interfere with the legibility of designated documents.

4.       Any documents, material or information produced in discovery in this action, but not covered by paragraph 3 above, that are to be designated "Confidential" may be so designated by the producing party or protected person by furnishing a separate written notice to the undersigned counsel for the party receiving such documents, material or information at the time of their production specifically identifying the portions of the documents or materials containing the Confidential Information, unless the entire document is designated as Confidential, and by providing copies of the documents, material or information so designated that are stamped with the legend "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER." This legend shall be affixed to each page of the document containing such material and shall not interfere with the legibility of

designated documents. With respect to electronic documents, the party or protected person at the time such documents are produced shall specify in writing that the material is designated as Confidential.

5. Inadvertent production of or failure to designate any information as Confidential shall not be deemed a waiver of the producing party's or protected person's claim of confidentiality as to such information, and the producing party or protected person may thereafter designate such information as Confidential as appropriate.

**Permissible Uses of Discovery Material**

6. All persons obtaining access to Discovery Material produced in connection with this action shall use such Discovery Material only for purposes of this action, including any appeal of the Court's ruling, and shall not use such Discovery Material for any other purpose.  Unless otherwise prohibited by federal law or regulation, Plaintiff will endeavor to inform promptly the party or protected person who designated the material as Confidential if disclosure pursuant to this paragraph is made.

7. Nothing herein shall impose any restrictions on the use or disclosure by a party or witness of documents, material or information obtained by such party or witness independently of the discovery proceedings in this action, whether or not such documents, material or information are also obtained through discovery proceedings in this action.

8. Nothing herein shall prevent disclosure of Confidential Information with the consent of counsel for the designating party or protected person.

9. Except as otherwise authorized by this Order, Confidential Information may be disclosed only to the following persons:

 a. the Court;

 b. the parties attorneys and employees;

 c. associated personnel of any person within categories 9.a. and 9.b. for whom access to Confidential Information is necessary to assist such persons in this action, including any

Court personnel assisting the Court, litigation assistants, paralegals, secretarial or other clerical personnel, and stenographers or other persons involved in taking or transcribing testimony in this action;

      d.    consultants, experts or litigation support services, including outside copying services, retained by a party for the purpose of assisting that party in this action, and principals and employees of the firm with which consultants or experts are associated;

      e.    authors or recipients of the designated Confidential Information;

      f.    employees of or counsel for the party or protected person producing such Confidential Information;

      g.    persons who have had, or whom any counsel for any party in good faith believes to have had, prior access to Confidential Information, or who have been participants in a communication that is the subject of the Confidential Information and from whom verification of or other information about that access or participation is sought, solely to the extent of disclosing such information to which they have or may have had access or that is the subject of the communication in which they have or may have participated, except that, unless and until counsel confirms that any such persons have had access or were participants, only as much of the information may be disclosed as may be necessary to confirm the person's access or participation; and

      h.    subject to the terms of paragraph 13, other persons not included in the above subparagraphs who may testify as a witness, either at a deposition or at a court proceeding, for the purpose of assisting in the preparation or examination of the witness or potential witness.

      i.    Persons described in subparagraph 9.b. shall be deemed bound by the terms of this Order upon its entry by the Court. Persons described in subparagraph 9.b. should advise their associated personnel of this Order and the terms of the above stated agreement prior to providing their associated personnel access to Confidential Information.

    10.    Each individual described in Paragraph 9 above, to whom Confidential Information is disclosed, shall not disclose that information to any other individual, except as provided in this

Order, or use it for any purpose other than in connection with this action. Before any Confidential Information may be disclosed to any person described in subparagraphs 9.d, 9.g, and 9.h. above, he or she shall have first read this Order or shall have otherwise been instructed in his or her obligations under the Order by counsel for a party.  Additionally, before any Confidential Information may be disclosed to any consultant or expert described in subparagraph 9.d, he or she shall execute a confidentiality agreement stating the following:

> I hereby acknowledge that [name, position of employment], am about to receive Confidential Information. I certify my understanding that such information is to be provided to me pursuant to the terms and restrictions of the Protective Order of [date entered] in United States v. Smithfield Foods, Inc. I have been given a copy of and have read this Order and agree to be bound by its terms. I agree to submit to the jurisdiction of the Court for the sole purpose of having the terms of this Order enforced.

The original of such executed confidentiality agreement shall be retained by counsel disclosing Confidential Information to such persons for a period of one year following the final resolution of this matter.

11. Counsel for a party may disclose Confidential Information to any witness or potential witness, provided counsel has obtained consent of counsel for the party or protected person who produced such information.

**Challenges to Confidential Designations**

12. If either party disagrees with the designation by the producing party or protected person of any Discovery Material as Confidential Information, then the parties to the dispute will attempt first to resolve the dispute on an informal basis via a discovery dispute conference before presenting the dispute to the Court. All items objected to shall continue to be treated as Confidential pending resolution of the parties' dispute.  If the dispute cannot be resolved informally, the producing party or protected person bears the burden of persuading the Court that the information is in fact Confidential Information within the definition of that term set forth above. If a confidentiality designation is challenged, and the dispute cannot be resolved informally via a discovery dispute conference, the producing party or protected person will have thirty (30) days from the discovery

dispute conference to file for a Protective Order from the Court. If the producing party or protected person does not file for a Protective Order with the Court within thirty (30) days, then the disputed Discovery Material shall lose its confidential designation. In the case of material provided by a protected person, the party contesting the confidentiality designation shall provide reasonable notice to the protected person that the matter has been referred to the Court.

13. Entering into, agreeing to, and/or complying with the terms of this Order shall not: (a) operate as an admission by any party or protected person that any particular documents, material or information contain or reflect currently valuable trade secrets or proprietary or commercial information; or (b) prejudice in any way the right of a party at any time: (i) to seek a determination by the Court of whether any particular document, item of material or piece of information should be subject to the terms of this Order; (ii) to seek relief on appropriate notice from any provision(s) of this Order, either generally or as to any particular document, item of material or piece of information; (iii) to object to any discovery request, including the right to assert that no discovery should be had of certain documents or information; or (iv) to seek documents or other information from any source.

**Deposition Procedures**

14. At any deposition session, when counsel for a party or the deponent deems that the answer to a question will result in the disclosure of Confidential Information, counsel shall have the option, in lieu of taking other steps available under the Federal Rules of Civil Procedure, to request that all persons, other than the reporter, counsel and individuals specified in paragraph 9 hereof, leave the deposition room during the Confidential portion of the deposition. The failure of such other persons to comply with such requests shall constitute substantial justification for counsel to advise the witness that he or she need not answer the question pending,

15. Any deposition testimony concerning a Confidential document produced by a protected person shall be marked by the court reporter as Confidential on the deposition transcript.

7

16.     A copy of this Order shall be identified and marked as an exhibit to any such deposition transcript, and all persons who have actual notice of this protective Order shall be bound by its terms.

**Filing Under Seal**

17.     All Confidential Information contained or discussed in any pleading, motion, exhibit or other paper filed with the Court shall be accompanied by a Motion To Seal in accordance with the requirements set out in Local Rule ~~5~~ IA 10-5.  The Court shall then determine in accordance with governing case law, what, if any, portions of filing shall be filed under seal.

**Procedures Upon Termination of Action**

18.     Within 60 business days following the running of any applicable time to appeal any order or ruling entered in this action, Plaintiff shall return to Defendant and any other persons who produced such materials all copies of all Confidential Information obtained through discovery in this action.

**Miscellaneous**

19.     This Order shall not affect the right of any party or protected person to oppose production of Discovery Material on any ground permitted by the Federal Rules of Civil Procedure, including any applicable privilege. Moreover, this Order shall not affect the scope of discovery by any party that is not otherwise proper under the Federal Rules of Civil Procedure.

20.     Nothing in this Order shall prejudice the right of any party or protected person to move the Court to broaden or restrict the rights of access to and use of particular Discovery Material, or to seek modifications of this Order upon due notice to all other parties and affected protected persons.

///

21. All persons governed by this Order, by reviewing Confidential Information, or seeking the protections of this Order for Discovery Material, shall agree to the jurisdiction of this Court over their person for the purpose of any action seeking to enforce the terms and conditions of this Order, or for any action for contempt for violation of the terms of this Order.

DATED this 10th day of June 2016.                    DATED this 10th day of June 2016.

CHRISTENSEN LAW OFFICES, LLC                  HARPER LAW GROUP

   /s/ Richard V. Christensen                                 /s/ Taylor G. Selim
RICHARD V. CHRISTENSEN                            JAMES E. HARPER
Nevada Bar No. 13846                                      Nevada Bar No. 9822
1000 S. Valley View Blvd.                                 TAYLOR G. SELIM
Las Vegas, NV 89107                                         Nevada Bar No. 12091
*Attorney for Plaintiff*                                         1935 Village Center Circle
                                                                          Las Vegas, NV 89134
                                                                          *Attorneys for Defendant*

### ***O R D E R***

IT IS ORDERED that the parties' Stipulated Protective Order is GRANTED subject to the Court's revision on page 8.

DATED: June 16, 2016

_____
UNITED STATES MAGISTRATE JUDGE